[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
Frederick Tanner ("Plaintiff") commenced this action against the Town of East Greenwich, et al. ("Town") seeking to have a certain amendment to the Town's Zoning Ordinance declared to be invalid. The matter was heard by the Court on August 28, 2003. The Plaintiff presented testimony and documentary evidence. The Town offered no evidence and rested following Plaintiff's case. Thereafter, memoranda with proposed findings were filed with the Court. Jurisdiction for review by this Court is found in R.I.G.L. § 45-24-71.
The dispute in this case presents an interpretive journey through a statutory framework involving municipal planning, zoning and subdivision. That framework principally includes the Comprehensive Plan and Land Use Regulation Act ("Comprehensive Plan Act") R.I.G.L. Section 45-22.2-1 et. seq.; the Rhode Island Zoning Enabling Act ("Zoning Enabling Act") R.I.G.L. 45-24-27 et. seq.; and the Rhode Island Development and Subdivision Act ("Development Review Act") R.I.G.L. Section 45-23-25 et. seq. Pursuant to the Zoning Enabling Act, the Town Council for the Town of East Greenwich enacted the East Greenwich Zoning Ordinance ("Zoning Ordinance") to regulate and restrict land use types and dimensional criteria such as the minimum lot size and setbacks. Pursuant to the Development Review Act the Town's Planning Board ("Planning Board") promulgated the East Greenwich Development and Subdivision Regulations ("Subdivision Regulations"), which contain certain lot design standards, including standards for a minimum buildable area ("MBA"), to regulate the shape and configuration of lots located in the various zoning districts. The Planning Board's MBA standards impose a shape requirement upon new lots created through the subdivision process.
The Planning Board's MBA standards are calculated using hypothetical lots configuration with setback deductions to arrive at a MBA. The MBA formula promotes rectangular-shaped lots with minimum street frontage. A subdivision lot which satisfies the minimum size, frontage and setback requirements of the Zoning Ordinance within its zone may not satisfy the Planning Board's MBA standard if the lot is irregularly shaped. Therefore, there is a certain inconsistency between the Zoning Ordinance and Subdivision Regulations with respect to the MBA requirements. In the present case, that inconsistency is highlighted by the fact that with respect to corner lots, it appears that no one acre lot, regardless of its shape, could satisfy the MBA requirements.
In an attempt to reconcile these MBA inconsistencies, the Town Council proposed a new MBA standard to be incorporated into the Zoning Ordinance. The Town Council enacted zoning amendment no. 726 on August 13, 2002 ("Adopted MBA Amendment"). Putting aside alleged procedural and constitutional infirmities, the Plaintiff contends that the Adopted MBA Amendment incorporated into the Zoning Ordinance essentially transfers the regulation of the MBA lot design standard from the Planning Board to the Town Council and negates the MBA standards set forth in the Subdivision Regulations.
In considering Plaintiff's claim, the Court's inquiry begins with the scope of review to be utilized with respect to this administrative appeal. R.I.G.L. Section 45-24-71 requires in pertinent part that such an appeal demonstrate that the Adopted MBA Amendment does not conform to the Town's comprehensive plan. That plan embodies a broad statement for managing growth in the Town and, among numerous provisions, includes sections pertaining to planning, zoning and subdivision. The Town Charter, Article 3, authorized the Town Council to adopt zoning regulations. As such, said regulations must be consistent with the provisions of the Zoning Enabling Act.
The primary issue to be reviewed is whether the Adopted MBA Amendment usurps the Planning Board's authority to regulate subdivision. In addressing that issue it should first be noted that zoning and planning have separate purposes as they relate to land use regulation. Zoning provisions apply to all land and in substantial part are promulgated to regulate dimensional criteria such as lot size, setbacks and frontage. Subdivision regulations on the other hand apply only to the act of "subdividing". Pursuant to the Development Review Act, the Planning Board is vested with regulatory responsibility regarding subdivision. The power of the Planning Board to adopt subdivision regulations includes the power to amend such regulations. See also East Greenwich Code of Ordinances Section 2-196. Furthermore, the Planning Board has the power to grant waivers and modifications relating to subdivision requirements. See R.I.G.L. Section45-23-62.
In this case the Plaintiff has clearly established that the Adopted MBA Amendment fails because it is a de facto subdivision regulation. Like the Planning Board's MBA provisions, the Town Council's MBA provision consists of a "definition" and certain charts. The Town Council's MBA provisions also require the same starting point: a hypothetical rectangular lot is configured with the minimum lot size and frontage prescribed for that particular zone. The Adopted MBA Amendment contains a notation which states that the MBA is calculated "using a rectangle with the front and rear lines being equal to the minimum frontage." Like the Planning Board's MBA provision, the Town Council's Adopted MBA Amendment applies only to new lots created through the subdivision process. Because the Adopted MBA Amendment only applies to new lots created through the subdivision process, it is a de facto subdivision regulation and, as such, belongs in the Subdivision Regulations.
If the Adopted MBA Amendment were truly a "zoning" provision applicable to all lots, the criteria set forth in its corresponding tables (MBA Charts) would be included in the Table of Dimensional Requirements for Permitted Uses ("Dimension Table"). The Dimension Table #3-2 set forth in the Zoning Ordinance sets criteria according to zone for dimensions such as minimum lot size, frontage, set backs, and maximum lot coverage.
In the matter before the Court, by virtue of the Adopted MBA Amendment, the Town Council unlawfully curtailed the Planning Board's authority to promulgate, amend and enforce the Subdivision Regulations by negating the Planning Board's jurisdiction over MBA. By creating a conflict with its new MBA definition in the Zoning Ordinance and mandating that the Planning Board amend its MBA regulations to conform to the definition now contained in the Zoning Ordinance, the Town Council has usurped the Planning Board's statutory authority to promulgate and amend regulations relating to lots created through the subdivision process. If the Town Council were allowed to implement de facto subdivision regulations in this manner, then the Town Council could effectively negate the Planning Board's power to promulgate any subdivision regulation by simply incorporating into the Zoning Ordinance a comprehensive subdivision review process and then mandating that the Planning Board adopt its own subdivision regulations that conform to those contained in the Zoning Ordinance. Moreover, in contravention of the Development Review Act, R.I.G.L. § 45-23-62, the Town Council's Adopted MBA Amendment unlawfully curtails the Planning Board's authority to grant waiver and/or modification of the MBA Standards set forth in its Subdivision Regulations.
In view of the Court's determination as above stated, it is unnecessary to address other contentions advanced by Plaintiff, including alleged procedural and constitutional infirmities. The Court makes no findings with respect to attorney fees, but will await further pleadings relating to said claim.
Accordingly, the Court declares the Adopted MBA Amendment exceeds the statutory authority conferred upon the Town Council and is inconsistent with the Town's Comprehensive Plan and as such is invalid and unlawful.
Counsel shall prepare a form of judgment consistent with this decision.